# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Xavier Alfred Haywood,

                                                    No. 21-cv-2565 (KMM/DJF)

                    Petitioner,

v.                                                  ORDER

Minnesota D.O.C.,

                    Respondent.

---

Xavier Alfred Haywood brought this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Haywood alleged that his conviction and 190-month sentence in Minnesota state court for aiding an offender after the fact in a 2017 murder was unlawful for several reasons, including: (1) judicial bias; (2) the admission of hearsay evidence by the trial judge while denying him the opportunity to call the declarant as a witness; (3) abuse of sentencing discretion by the trial judge; and (4) that he was denied the effective assistance of counsel in connection with the trial judge's denial of a motion for a continuance. In a Report and Recommendation (R&R) dated May 1, 2023, United States Magistrate Judge Dulce J. Foster concluded that Mr. Haywood was not entitled to habeas relief on any of his claims and recommended that the petition be denied. [Dkt. 12.] Mr. Haywood's deadline for filing objections to the R&R was May 15, 2023, but no objections have been filed.

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court

reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). Based on the Court's careful review of the R&R and the record in this case, the Magistrate Judge committed no error.

First, with respect to the judicial bias claim, Judge Foster appropriately concluded that to the extent Mr. Haywood argued that the decision of the chief judge not to disqualify the trial judge violated Minnesota law, such a claim was not cognizable because federal courts do not review state-court decisions on matters of state law in § 2254 proceedings. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Keller v. Pringle*, 867 F.3d 1072, 1076 (8th Cir. 2017). The R&R also found that even if the petition were liberally construed to include a claim that Mr. Haywood had been denied due process, there was no clear evidence that his trial judge had a bias or an interest in the outcome of the case, especially given that the factfinder in Mr. Haywood's trial was a jury, and not the judge. [R&R at 10–11.] The Court agrees with the Magistrate Judge's conclusion that this claim does not raise a constitutional issue cognizable in a federal habeas proceeding and this ground of the petition is denied.

Second, Judge Foster concluded that no relief was available on Mr. Haywood's claim concerning the trial judge's admission of alleged hearsay testimony while prohibiting Mr. Haywood from calling the declarant as a witness. At Mr. Haywood's trial, Noah Baker testified that he heard one of Mr. Haywood's codefendants, Deandre Davenport tell Mr. Haywood on a phone call that Davenport, Baker, and Noah King "did a robbery and it went bad." [R&R 6.] The trial court, noting that Mr. Davenport had a pending direct appeal and would certainly assert his privilege against self-incrimination if called to testify, treated

Davenport as an unavailable witness for purposes of admitting his out-of-court statement through Mr. Baker's testimony. As the R&R observes, Mr. Haywood's claim that the trial court then prohibited Mr. Haywood from calling Davenport as a witness lacks any evidentiary support. In fact, the trial judge signed an order requiring the Minnesota Department of Corrections to have Davenport transported to Duluth to testify[1] [Dkt. 9-20], but Mr. Haywood chose not to call him as a witness at trial [Dkt. 9-15, Jury Tr. 548:1–6]. The Court agrees with the R&R that admission of this evidence did not deprive Mr. Haywood of a fair trial. [R&R 13.] This claim is dismissed.

Third, the Court agrees with the R&R's determination that Mr. Haywood's claim concerning the trial court's decision to set the severity level of his crime for sentencing purposes at 10—the highest possible level—is an issue of state law that cannot be reviewed in a § 2254 proceeding. [R&R 14.] Accordingly, Mr. Haywood's sentencing-severity claim is denied.

Fourth, the R&R addressed both procedural and merits-based shortcomings with Mr. Haywood's ineffective-assistance-of-counsel claim. Although Mr. Haywood raised this claim to the Minnesota Court of Appeals, he did not raise it in his Petition for Review

---

[1] Judge Foster observed that *Bruton v. United States*, 391 U.S. 123 (1968) would not apply in this case because Mr. Haywood and Mr. Davenport were tried separately, and *Crawford v. Washington*, 541 U.S. 36 (2004) would not apply because Mr. Davenport's statement was nontestimonial. [R&R 13 n.3.]

3

to the Minnesota Supreme Court. As a result, the R&R correctly concludes that the claim is unexhausted.[2] [R&R 14–15.]

Though it found this claim unexhausted the R&R nevertheless addressed its merits. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). The Court agrees with the R&R that the Minnesota Court of Appeals reasonably applied clearly established federal law when it adjudicated the matter. Although Mr. Haywood argued in his pro se supplemental brief that the denial of his motion for a trial continuance had denied him the effective assistance of counsel guaranteed by the Sixth Amendment, his arguments related overwhelmingly to issues of trial strategy that are generally not a basis for reversal. *State v. Haywood*, No. A19-1162, 2020 WL 4743525, at *10 n.5 (Minn. Ct. Ap. Aug. 17, 2020). Applying the deferential lens through which claims of ineffective assistance under *Strickland v. Washington*, 466 U.S. 668, 687 (1984) are viewed in § 2254 proceedings, the R&R concluded that Mr. Haywood failed to show how

---

[2] In addition to being unexhausted, this claim is very likely procedurally defaulted, meaning Mr. Haywood cannot now go back to state court to exhaust it and then bring it in a later § 2254 proceeding. Under *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976), because Mr. Haywood raised this claim in a direct appeal, Minnesota state courts will not consider it in a subsequent petition for postconviction relief. *Murphy v. King*, 652 F.3d 845, 848–50 (8th Cir. 2011) (finding federal habeas claims that were not properly raised in state court were procedurally defaulted because they were barred by *Knaffla*). Although federal courts have discretion to consider procedural default sua sponte, where the state fails to raise it, a district court should give the parties notice and an opportunity to be heard before the court will "address procedural default on its own initiative." *Dansby v. Hobbs*, 766 F.3d 809, 824 (8th Cir. 2014); *McDonald v. Titus*, No. 18-cv-3099 (PJS/TNL), 2019 WL 5783727, at *5 (D. Minn. Nov. 6, 2019). Because that has not occurred here, the Court does not rely on procedural default as a basis for denying this claim.

his trial counsel's strategy was so unreasonable that it violated his Sixth Amendment rights. [R&R 15.] There was no error in this determination and this claim is denied.

This claim merits additional comment. The issues outlined in Mr. Haywood's pro se supplemental brief to the Court of Appeals, which align quite closely to what Mr. Haywood has alleged in this case, all have a central theme—the state court's denial of his request for a continuance a few weeks before the start of his trial meant that his new attorney had difficulty preparing for trial in the time permitted. For example, in that pro se brief, Mr. Haywood complained that due to the denial of the continuance and limited time to prepare, his new attorney could neither investigate cell phone internet searches; retain an expert witness to conduct a cell-tower analysis that would have undermined the state's circumstantial evidence; nor interview all potential witnesses. [Dkt. 9-5 at 7.] Although Mr. Haywood cast this as an ineffective-assistance-of-counsel claim, it seems he is really challenging the soundness of the trial court's decision to deny his substitute counsel's request for a continuance. The record shows that the lawyer he originally retained to represent him missed several of Mr. Haywood's court appearances, and for reasons unrelated to Mr. Haywood's case was suspended from the practice of law several months before trial was set to begin. It seems beyond debate that Mr. Haywood, like anyone charged with a serious crime, deserves better service from defense counsel than that. Mr. Haywood's first lawyer's suspension was noted at a September 2018 pretrial hearing, he had retained new counsel to represent him by a January 2, 2019 court date, and new counsel made the unsuccessful motion for a continuance during a pretrial hearing near the end of February 2019. The trial court denied the continuance because Mr. Haywood "was

advised in September that he could hire a private lawyer or ask for a public defender, but he 'did nothing until December. That's on him. Not on me.'" *Haywood*, 2020 WL 4743525, at *10. The Minnesota Court of Appeals rejected Mr. Haywood's argument that the trial court abused its discretion in making that decision. That ruling, like several others addressed in this Order and in the R&R, is an issue of state law that is not subject to review. To the extent Mr. Haywood's habeas petition challenges this aspect of the state court adjudication, the claim is denied.

Finally, the Court agrees with the R&R's conclusion that no certificate of appealability should be issued. 28 U.S.C. § 2253.

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation [Dkt. 12] is ACCEPTED.

2. The Petition for a Writ of Habeas Corpus [Dkt. 1] is DENIED.

3. Petitioner is not granted a certificate of appealability.

**Let Judgment Be Entered Accordingly.**

Date: **July 6, 2023**                     *s/ Katherine M. Menendez*
                                            Katherine M. Menendez
                                            United States District Judge